**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

**UNITED STATES OF AMERICA**                                                       **PLAINTIFF**

**v.**                     **CASE NO. 4:13CR00076-01 BSM**

**ISAAC SIDNEY THOMAS**                                                              **DEFENDANT**

## ORDER

It is clear that defendant Isaac Sidney Thomas has no respect for the judiciary because he is blatantly trying to play the system. Consequently, not only is his motion to set aside his plea [Doc. No. 39] denied, but he is hereby placed on notice that he should be prepared at sentencing to explain his blatant disrespect.

Thomas asked to enter a plea of guilty and his plea was initially scheduled for November 1, 2013. Thomas appeared and was informed that, because this is a drug case with a statutory sentencing range of up to ten years or more, he would be taken into custody after entering his plea. Upon hearing this, Thomas decided that he did not want to enter a plea but wanted to go to trial. Consequently, his trial was scheduled for Monday, November 25, 2013.

Of course, on Friday November 22, 2013, Thomas's lawyer contacted my office and said Thomas did not want a trial but wanted to enter a plea of guilty. This posed a problem because jurors had already been contacted and were set to come in on Monday. Consequently, to avoid having to pay the jurors, Thomas was told that he would have to come in that day and enter his guilty plea or the trial would begin on Monday, as scheduled.

Thomas advised that he could not come to court that day because he was having "car problems." In that Thomas did not enter a plea on Friday, his trial remained set for the following Monday.

On Monday, Thomas appeared and reiterated that he did not want a trial but wanted to enter a guilty plea. At this point, it was clear that Thomas asked for a trial when he appeared on November 1, to avoid being detained. He never wanted a trial, but only wanted to buy time. This being the case, it was decided that the jury would be selected and if Thomas really wanted to enter a guilty plea, the plea would be taken after the jury was seated.

After picking the jury, Thomas was permitted to enter his guilty plea. As with all other guilty pleas, Thomas and his lawyer were asked a number of questions to make sure Thomas was competent to enter a guilty plea and to make sure he understood the nature of the charges against him and the maximum penalties he faced. For instance, Thomas was asked whether he had consumed any drugs, alcohol, or medication that would make him unable to understand the plea process, and he said no. His lawyer was asked whether she had an opportunity to speak with Thomas that morning and whether he was competent to go forward with the plea, and she represented that she had spoken to him and that he was competent to go forward with the plea. Indeed, I observed Thomas from the time I entered the courtroom, throughout the jury voir dire and throughout the time that he entered his guilty plea and at no time did I suspect that he was suffering from the effects of drugs, alcohol, medication or anything else. In fact, everything I observed about Thomas indicated that he

was lucid and extremely capable of understanding the consequences of entering his guilty plea. Consequently, Thomas's guilty plea was accepted.

Thomas now moves to vacate his plea, claiming that, prior to entering his plea, he had "consumed medication and illegal substances which in part accounts for an apparent confused state of mind." In the motion, his lawyer states she was not aware that he had consumed any substances that morning, but that Thomas's "inability to comprehend the nature of the charges and the consequences associated" with the plea shows it was not voluntarily made. This is unfortunate, because counsel was asked specifically whether she knew of any reasons why I should not accept Thomas's plea and she said no. Moreover, it is clear to me, based on what I observed in the courtroom on Monday, November 25, 2013, that the arguments in Thomas's motion to vacate that tend to assert that he was unable to comprehend the nature of the charges and consequences of pleading guilty are simply untrue.

For all of these reasons, the motion to vacate is denied. Indeed, at the time he entered his guilty plea, Thomas was clearly lucid and capable of understanding the nature of the charges against him and the consequences of pleading guilty.

IT IS SO ORDERED this 19th day of December 2013.

_____
UNITED STATES DISTRICT JUDGE